UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STEVEN BUTLER,**

    **Plaintiff,**

v.                                                           Case No: 5:25-cv-1-MMH-PRL

**MARION COUNTY SHERIFF'S OFFICE, A. PERRY, SANTANA, PETER MATTHEW, WILLIAM M. GLADSON and ELIZABETH WHITE,**

    **Defendants.**

### ORDER

This action arises from criminal state court proceedings in which Plaintiff, who is a sex offender, was prosecuted for failing to comply with Florida's sexual predator reporting requirements. Plaintiff brought this § 1983 action against the law enforcement officers who arrested him, the prosecutors who charged him, and the state court judge who presided over his case—all of whom he claims violated his constitutional rights and federal law, for which he now seeks monetary damages and injunctive relief. In the instant motion (Doc. 2), Plaintiff moves the Court to proceed in forma pauperis. For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the Complaint.

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he Ais unable to pay such fees or give security therefor. 28 U.S.C. §1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated

to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* ' 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under §1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed. 2d 1081 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

## II.     Background

According to Plaintiff, on November 15, 2023, he went to the Marion County Sheriff's Office to register as a sex offender. During that visit, he informed the officers that the registration laws violated his constitutional rights and he objected to the application of the law to him on constitutional grounds. Plaintiff alleges that Deputy Perry and Deputy Santana threatened to arrest him and use force if Plaintiff did not comply with registration requirements. Two weeks later, on November 27, 2023, Plaintiff was arrested for failing to report vehicles owned by other individuals residing at his property pursuant to Fla. Stat. § 775.21(10)(a). Plaintiff alleges that he was wrongly arrested because Florida law requires sex offenders to report vehicles only if they reside at a permanent residence—and at that time, Plaintiff was residing temporarily at various locations and had not established a permanent residence. Plaintiff contends that his constitutional rights were violated by the police officers (Deputy Perry, Deputy Santana) who arrested him without probable cause; the prosecutors (William M. Gladson and Elizabeth White) who nevertheless filed the charges; and Judge Peter Matthew who failed to dismiss the case or intervene in the unlawful prosecution.

In Count I, Plaintiff alleges that Deputies Perry and Santana violated his First Amendment rights by threatening Plaintiff with arrest and the use of force because he expressed concerns about the unconstitutional nature of the reporting law and the application

of the law to him. In Count II, Plaintiff alleges that Deputy Santana violated his Fourth Amendment rights by taking photographs of vehicles registered to individuals living at Plaintiff's registered address and running their license plates without consent. In Count III, he alleges that Defendants violated his Fourteenth Amendment rights to due process and equal protection by applying a law that was not applicable to him without probable cause and subjecting him to unequal treatment under the law. And then in Count IV, Plaintiff alleges that all Defendants willfully deprived him of his constitutional rights in violation of 18 U.S.C. § 242.

Plaintiff demands compensatory damages in the amount of $500,000 for mental pain and suffering and emotional distress; reputational damages in the amount to $1,500,000; punitive damages in the amount of $750,000 as a deterrent to future abuse of power by law enforcement officers and the justice system; injunctive relief requiring Defendants to clean and remove any media related to the incident; that the head of public offices be required to maintain insurance coverage for police officers in their department; a $250,000 donation to the Institute for Justice; and a modification of the qualified immunity doctrine.

### III.   Discussion

As an initial matter, while Plaintiff alleges that he was charged and prosecuted for failing to comply with sex offender registration requirements, he does not allege that he was ultimately convicted. To the extent Plaintiff was convicted, he cannot now challenge the state court's final judgment without running afoul of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir.

2012). It "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" such that "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id*. at 1262–63 (quotation marks omitted). Accordingly, Plaintiff needs to clarify the underlying facts supporting his claims, including whether a final judgment was entered by the state court.

In addition, Plaintiff has named several Defendants who are immune from suit. First, Plaintiff's claims against Judge Peter Matthew are barred by judicial immunity. Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). This immunity extends to circumstances where judges are "accused of acting maliciously and corruptly" in the exercise of their judicial decision-making power. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). Here, the actions that Plaintiff challenges occurred while Judge Matthew was presiding over his criminal proceedings. Likewise, Prosecutors Gladson and White are immune from liability for damages for Plaintiff's claims that they initiated criminal charges against Plaintiff under the wrong statute, despite clear evidence that it did not apply. Indeed, the Eleventh Circuit has made it clear that prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution—even when the prosecutor is sued for malicious prosecution. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

This leaves Plaintiff's claims against law enforcement–Deputy Perry, Deputy Santana, and the Marion County Sheriff's Office. As an initial matter, Plaintiff's claim against Marion County Sheriff's Office is improper because it is not a legal entity subject to suit or §1983

liability. *Jean v. Marion County Courts*, No. 5:22-cv-578-JA-PRL, 2022 WL 17452215, *2 (M.D. Fla. Dec. 6, 2022). Moreover, Plaintiff's theories of liability as to each Deputy are not clearly alleged. For example, it is unclear whether Plaintiff is challenging the constitutionality of the sex offender reporting requirements and/or the actions of the Deputies in requiring Plaintiff to comply with the requirements. (¶¶ 15, 19).

Given these numerous issues discussed above, the Court is skeptical that Plaintiff can allege a viable claim. However, in an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify his claims on or before **February 5, 2025**. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

Based on this ruling, Plaintiff's motion for service by The United States Marshals (Doc. 5) is due to be denied without prejudice. Plaintiff may refile such a motion if (and when) the Court determines that he is entitled to proceed in forma pauperis.

**DONE** and **ORDERED** in Ocala, Florida on January 15, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

- 7 -

Unrepresented Parties