## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**STEVEN BUTLER,**

      **Plaintiff,**

**v.**                                                            **Case No: 5:25-cv-1-MMH-PRL**

**MARION COUNTY SHERIFF'S
OFFICE, A. PERRY, SANTANA,
PETER MATTHEW, WILLIAM M.
GLADSON and ELIZABETH WHITE,**

      **Defendants.**

_____

### ORDER

This action arises from criminal state court proceedings in which Plaintiff, who is a sex offender, was prosecuted for failing to comply with Florida's sexual predator reporting requirements. Plaintiff brought this § 1983 action against the law enforcement officers who arrested him, the prosecutors who charged him, and the state court judge who presided over his case—all of whom he claims violated his constitutional rights, for which he now seeks monetary damages, and injunctive and declaratory relief. Plaintiff also names as Defendants, Marion County Sheriff's Office, Marion County, Florida, and the State of Florida.

Plaintiff filed a motion to proceed in forma pauperis (Doc. 2), which the Court took under advisement, noting several deficiencies and affording Plaintiff an opportunity to amend his complaint, if he could do so in good faith. (Doc. 6). Plaintiff has filed an amended complaint, which does not cure the deficiencies noted in the Court's prior order. (Doc. 8). However, in an abundance of caution, the Court will afford Plaintiff one more opportunity to file an amended pleading, if he can do so in good faith.

I.    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. §1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* ' 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *See id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See id*. at 640, n.2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570

(2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.*; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

## II.    Background

According to the Amended Complaint, Plaintiff went to the Marion County Sheriff's Office on November 15, 2023 to register as a sex offender. During that visit, he objected to the application of the law to him on constitutional grounds. Two weeks later, on November 27, 2023, Plaintiff was arrested by Deputy Perry for allegedly failing to report vehicles owned by other individuals residing at his property pursuant to Fla. Stat. § 775.21(10)(a). Plaintiff alleges that he was wrongly arrested because Florida law requires sex offenders to report vehicles only if they reside at a permanent residence—and at that time, Plaintiff was transient and had not established a permanent residence. Plaintiff further alleges that Deputies Perry and Santana conducted warrantless searches by photographing and running license plate checks on vehicles owned by third parties at that residence.

Plaintiff alleges that the prosecutors (William M. Gladson and Elizabeth White) pursued charges under the statute despite evidence of Plaintiff's transient status, and Judge Peter Matthew failed to dismiss the case despite the deficiencies in the case. Plaintiff alleges

that the charges were ultimately dismissed on August 15, 2024, thus showing that they were improperly brought against him.

In Count I, Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him for objecting to the alleged unconstitutional nature of the reporting law and the application of the law to him. In Count II, Plaintiff alleges that Defendants violated his Fourth Amendment rights by taking photographs of vehicles registered to individuals living at Plaintiff's registered address and running their license plates without consent. In Count III, he alleges that Defendants violated his Fourteenth Amendment rights to due process and equal protection by applying a law that was not applicable to him and prosecuting him without probable cause or rational basis. And then in Count IV, Plaintiff alleges that he was subjected to excessive bail, disproportionate to the alleged offense, in violation of the Eighth Amendment. Then Plaintiff alleges four state tort claims—False Arrest (Count V), Malicious Prosecution (Count VI), Intentional Infliction of Emotional Distress (Count VII), and Defamation (Count VIII).

Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief to prevent future harm and to restore his reputation. Specifically, he demands compensatory damages in the amount of $1,500,000 for emotional distress, reputational harm, and other losses sustained; damages for reputational harm in the amount to $1,500,000; punitive damages in the amount of $2,500,000 to deter future misconduct by law enforcement and judicial officials; declaratory judgment finding that Defendants' conduct violated Plaintiff's constitutional rights; injunctive relief expunging his record; a $250,000 donation to the Institute for Justice and ACLU; and a modification of the qualified immunity doctrine.

### III. Discussion

### A. Shotgun Pleading

The Eleventh Circuit has also repeatedly lectured that shotgun complaints violate the federal pleading rules. *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321–23 (11th Cir. 2015). In *Weiland*, Chief Judge Carnes identified four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id*. at 1321–23 (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

In the Amended Complaint, Plaintiff includes a "Factual Allegations" section with allegations about actions taken by each of the defendants related to Plaintiff's arrest and prosecution for violation of the sexual offender reporting requirements. But when he reaches the individual counts for constitutional violations, Plaintiff alleges the elements of his claim in vague and conclusory terms without identifying which allegations form the basis of his

claims against which Defendants. For example, in Count I, Plaintiff simply alleges that "Defendants retaliated against Plaintiff for raising constitutional objections, violating his right to free speech and to petition for redress of grievances." (Doc. 8 at ¶36). Similarly, in Count III, Plaintiff alleges that "Defendants deprived Plaintiff of due process and equal protection by misapplying laws and prosecuting him without probable cause or rational basis." Given these limited allegations, the Court (and Defendants) are left to guess which claims are brought against which Defendants, and which allegations support the claim.

Notwithstanding the additional deficiencies identified below, if Plaintiff files a second amended complaint, he must connect specific factual allegations with the elements for each cause of action as to each Defendant.

### B. Immunity

Plaintiff has named several Defendants who are immune from suit. First, Plaintiff's claims against Judge Peter Matthew[1] are barred by judicial immunity. The only factual allegation regarding Judge Matthew is that he "failed to dismiss the case despite [the] deficiencies." Plaintiff also alleges that he was subjected to excessive bail, which was presumably imposed by Judge Matthew.

Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *See Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). And it extends to circumstances

---

[1] Presumably, Plaintiff is referring to Circuit Judge Peter Mathew Brigham.

where judges are "accused of acting maliciously and corruptly" in the exercise of their judicial decision-making power. *See Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). Here, Plaintiff is solely challenging actions that occurred while Judge Matthew was presiding over his criminal proceedings, and thus acting in his judicial capacity. Accordingly, Plaintiff's claims against Judge Matthew are barred by judicial immunity.

Likewise, Prosecutors Gladson and White are immune from liability for damages for Plaintiff's claims that they pursued criminal charges against him under the wrong statute, despite clear evidence that it did not apply and presented Plaintiff with an unreasonable plea offer. Indeed, the Eleventh Circuit has made it clear that prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution—even when the prosecutor is sued for malicious prosecution. *See Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *see also Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir. 2009) ("[p]rosecutors have absolute immunity when 'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . .complaints about the prison system, [and] threatening . . . further criminal prosecutions. . .'"). "Such absolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281.

If Plaintiff chooses to file a second amended complaint, he should not include these same claims against the immune parties.

### C. Claims Against Law Enforcement

Turning to law enforcement, Plaintiff's claims against the Marion County Sheriff's Office are improper because it is not a legal entity subject to suit or § 1983 liability. *See Jean v. Marion County Courts*, No. 5:22-cv-578-JA-PRL, 2022 WL 17452215, *2 (M.D. Fla. Dec. 6, 2022). Accordingly, the Marion County Sheriff's Office should not be named as a defendant in a second amended complaint.

As for the individual Deputies, Plaintiff alleges that Deputy Perry and Deputy Santana conducted warrantless searches by photographing and running license plate checks on vehicles owned by third parties at the residence. (Doc. 8 at ¶ 22). This appears to form the basis for Count II which purports to assert a Fourth Amendment violation. (Doc. 8 at ¶ 37).[2] Even assuming Plaintiff has standing to challenge the Deputies' searches of vehicles owned by third parties, "a motorist has no reasonable expectation of privacy in the information contained on his license plate under the Fourth Amendment." *See Schemel v. City of Marco Island Florida*, No., 2:22-cv-79-JLB-KCD, 2023 WL 3010344, at *4 (M.D. Fla. Feb. 14, 2023) (quoting *United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006)). Accordingly, Plaintiff cannot state a claim under the Fourth Amendment based on the Deputies photographing and running license plate checks.

In addition, Plaintiff alleges that Deputy Perry arrested him for failing to report vehicles owned by others residing at his registered address even thought that reporting requirement only applies to individuals with a permanent or long-term residence, and he was transient. (Doc. 8 at ¶ 21). Then, in his state law claim for false arrest (Count V), Plaintiff

---

[2] Count II states: "Defendants conducted warrantless searches, including photographing and running checks on vehicles owned by others, violating Plaintiff's Fourth Amendment rights."

alleges that "Defendants Perry and Santana arrested Plaintiff without legal justification or probable cause." (Doc. 8 at ¶ 40). As noted above, it is unclear if, and how, the facts surrounding Plaintiff's arrest provide the basis for any of Plaintiff's constitutional claims.

### D. Municipal and State Defendants

Further, to the extent Plaintiff is attempting to state a § 1983 claim against the State of Florida, his claim is barred by the Eleventh Amendment. *See Maynard v. Florida*, 2014 WL 12872819, at *3 (M.D. Fla. 2014). When, as here, a plaintiff seeks damages against a state in federal court, the suit is barred by Eleventh Amendment immunity unless an exception applies. *See id.* The exceptions include if: (1) a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his or her official capacity; (2) if the state waives its immunity and consents to suit; or (3) if Congress validly abrogates the state's Eleventh Amendment immunity. *See id.* Here, none of these exceptions apply. Plaintiff is attempting to sue the State of Florida itself for damages, and not a state official in his or her official capacity for prospective injunctive relief; the State of Florida has not waived Eleventh Amendment immunity in § 1983 actions; and Congress has not abrogated the States' Eleventh Amendment immunity from § 1983 actions. *See id.* Accordingly, Plaintiff's § 1983 claim against the State of Florida is barred by Eleventh Amendment immunity, and should not be included in a second amended complaint.

As to Marion County, Florida, Plaintiff alleges in a conclusory manner that it

> is sued for its role in the unconstitutional actions taken by its employees and agents, particularly any policy or custom that contributed to these violations. (¶18).

A county is considered a person under § 1983, but its liability is limited to situations where a municipal policy caused the deprivation of rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 691 (1978) (holding that a municipality cannot be held vicariously liable under § 1983). A municipal policy can be in the form of: (1) a written policy; (2) a custom, which is "a practice so settled and permanent that it takes on the force of the law[;]" (3) a decision by someone with final decision making authority; or (4) a policy of inadequate training or supervision, all of which must cause the alleged deprivation of constitutional rights. *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004). Here, Plaintiff has failed to allege any facts supporting a viable theory of liability against Marion County.

## IV.    Conclusion

Because of the pleading deficiencies, the Court is not entirely clear on the constitutional claims Plaintiff is trying to assert as to the Deputy's, the Court will allow Plaintiff one more opportunity to file an amended pleading. Plaintiff should carefully review the Court's Order and determine if he can file a second amended complaint in good faith. If Plaintiff chooses to file a second amended complaint he shall do so by **April 4, 2025**, failing which I will recommend denial of the motion to proceed in forma pauperis and dismissal of the amended complaint as frivolous and failure to state a claim.

Based on this Order, Plaintiff's motion to move the case forward (Doc. 9) is due to be denied. The Court cannot order service and enter a scheduling order until it determines that Plaintiff's second amended complaint asserts a basis for the Court to exercise jurisdiction.

**DONE** and **ORDERED** in Ocala, Florida on March 14, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties