UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN BUTLER,

    Plaintiff,

v.                                Case No. 5:25-cv-1-MMH-PRL

MARION COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 12; Report), entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on April 17, 2025. In the Report, Judge Lammens recommends that Plaintiff, Steven Butler's, Motion for Leave to Proceed in Forma Pauperis (Doc. 2; Motion), filed January 3, 2025, be denied and his second amended complaint dismissed. See Report at 12; see also Second Amended Complaint for Violations of Constitutional Rights and Tort Claims under 42 U.S.C. § 1983 and Challenge to Qualified Immunity (Doc. 11; Second Amended Complaint), filed March 24, 2025; 28 U.S.C. § 1915 (the in forma pauperis statute). On April 21, 2025, Butler, who proceeds pro se, filed objections to the Report. See Plaintiff's Objections to Report and

-1-

Recommendation (Doc. 13; Objections). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

---

[1] The Magistrate Judge properly informed Butler of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

-2-

Upon independent review of the file, the Court will overrule the Objections and accept and adopt the Report in part.[2] Specifically, the Court adopts the Report as to Section I, Section II, and Section III.A.[3] The Court writes briefly here to address Butler's Objections. Because the Court assumes that Butler is familiar with the record in this case, additional background information is included here only as necessary to provide context for this discussion.

## I. Background

The Magistrate Judge summarized the alleged basis of Butler's claims against each Defendant as follows:

> [Butler] contends that his constitutional rights were violated by the police officers (Deputy Perry, Deputy Santana, and Sergeant Dice) who arrested him on factually and legally baseless charges; the prosecutors (William M. Gladson and Elizabeth White) who knowingly pursued the charges under a statute that was not applicable and offered a coercive plea deal under threat of maximum sentence; and Judge Peter Matthew Brigham who failed to dismiss the charges or intervene in the unlawful prosecution.

See Report at 4. As the Magistrate Judge noted, "[a]lthough not included in the case style nor in the factual allegations section, [Butler] identifies in a bullet

---

[2] The Court reads the reference to "Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1984)" on page 2 of the Report as referring to "Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)."

[3] Butler did not object to Section I, in which the Magistrate Judge set forth the legal standard, or Section II, in which the Magistrate Judge set forth the facts. In light of this, and the Court independently observing no error, the Court adopts these sections of the Report without comment.

point list, five additional defendants—Judge John/Jane Doe; Court Records Officer or Clerk of Court; Sheriff Billy Woods; Marion County[;] and the State of Florida." See id. at 4 n.2. The Magistrate Judge also identified Butler's claims for relief under 42 U.S.C. § 1983, stating that Butler "generally alleges four counts for federal constitutional violations—(Count I) First Amendment; (Count II) Fourth Amendment; (Count III) Fourteenth Amendment, due process and equal protection; and [(Count IV)] Eighth Amendment, excessive bail … ." See id. at 4; see also Second Amended Complaint at 4. In addition to the federal claims the Magistrate Judge identified, in Counts V–VIII, Butler asserts state law claims of false arrest, malicious prosecution, intentional infliction of emotional distress, and defamation. See Second Amended Complaint at 4. And in Count IX, he asserts a claim captioned "Challenge to Qualified Immunity as Unconstitutional in Application." Id. As relief, Butler demands:

> compensatory damages in the amount of $1,500,000 for mental pain and suffering and emotional distress; reputational damages in the amount [of] $1,500,000; punitive damages in the amount of $2,500,000; injunctive relief expunging all related records; declaratory relief that qualified immunity does not apply; referral for federal investigation under 18 U.S.C. § 242; and a $250,000 donation to civil rights organizations.

See Report at 4; see also Second Amended Complaint at 7.[4]

## II. Discussion

### A. Shotgun Pleading

In Section III.A. of the Report, the Magistrate Judge concluded that the Second Amended Complaint is an impermissible shotgun pleading. See Report at 5–6. In particular, the Magistrate Judge found that while Butler "includes a 'Factual Allegations' section with allegations about actions taken by various Defendants related to [Butler's] arrest and prosecution," when he recites his causes of action, he "alleges the elements of his claim[s] in vague and conclusory terms without identifying which allegations form the basis of his claims against which Defendants." See Report at 5–6. In his Objections, Butler disagrees, arguing that his Second Amended Complaint is not a shotgun pleading because "[e]ach claim identifies[] [t]he responsible defendants, [t]he nature of the [alleged] constitutional violation, [t]he factual basis, and [s]upporting case law." See Objections at 2.

---

[4] Butler also seeks a "[d]eclaratory judgment that Defendants violated [his] constitutional rights." See Second Amended Complaint at 7. But "a plaintiff has standing to seek declaratory relief only when there is a substantial likelihood that he will suffer injury in the future." Cambridge Christian Sch., Inc. v. Florida High Sch. Athletic Ass'n, Inc., 115 F.4th 1266, 1281 (11th Cir. 2024) (citation omitted); see also City of Los Angeles v. Lyons, 461 U.S. 95, 104 (1983). As the Eleventh Circuit has stated, "[a] declaration that [the defendant's] past conduct violated [the plaintiff's] constitutional rights … 'would [be] nothing more than a gratuitous comment without any force or effect.'" Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (citation omitted) (last alteration in original). Because Butler has alleged no facts that suggest a likelihood of future injury, the Court concludes he lacks standing to obtain declaratory relief.

Upon independent review of the Second Amended Complaint, the Court concludes that despite Butler's contention to the contrary, he fails to identify which Defendant or Defendants he seeks to hold accountable for what alleged wrongdoing. Likewise, he does not adequately identify the factual basis of his claims. For example, Butler captions Count I "First Amendment—Retaliation for Protected Speech," but the entire explanation of that claim consists of a citation to Nieves v. Bartlett, 139 S. Ct. 1715 (2019) and the statement that he "was retaliated against for objecting to the misapplication of law." See Second Amended Complaint at 4. But this conclusory statement does not help clarify which Defendant or Defendants he seeks relief against, nor does it explain the factual basis of his First Amendment claim. Similarly, Butler captions Count III "Fourteenth Amendment—Due Process and Equal Protection," but the entire explanation of that claim consists of citations to Brady v. Maryland, 373 U.S. 83 (1963) and Village of Willowbrook v. Olech, 528 U.S. 562 (2000) and the statement that "Defendants deprived [him] of due process and treated him unequally under the law." See Second Amended Complaint at 4. Yet, in his factual allegations, Butler does not suggest that Defendants acted in concert such that joint liability would be appropriate, nor does he state which acts allegedly violated his due process or equal protection rights. See generally id. Moreover, as to the five Defendants Butler identifies in his bullet point list of

Defendants but omits from his factual allegations section and case caption, see id. at 2 (listing as Defendants Judge John/Jane Doe, Court Records Officer or Clerk of Court, Sheriff Billy Woods, Marion County, and the State of Florida), the Court cannot identify any factual or legal basis for any claim. Although Butler separates his claims into nine counts, he does not identify which factual allegations support which claim or which of the eleven Defendants are alleged to be liable for which claim. See id. at 2, 4. As the Magistrate Judge correctly concluded, "[g]iven these limited allegations, the Court (and Defendants) are left to guess which claims are brought against which Defendants, and which allegations support the claims." See Report at 6.

The Magistrate Judge gave Butler two opportunities to correct the deficiencies in his pleadings. See Order (Doc. 6; First Order to Replead), entered January 15, 2025, at 6 ("The amended complaint must clearly state the legal theory or theories upon which [Butler] seeks relief and explain with factual allegations how each defendant is responsible."); Order (Doc. 10; Second Order to Replead), entered March 14, 2025, at 5–6 ("[Butler] alleges the elements of his claim[s] in vague and conclusory terms without identifying which allegations form the basis of his claims against which Defendants."); see also Complaint for Violations of Constitutional Rights under 42 U.S.C. § 1983 (Doc. 1; Complaint), filed January 3, 2025; Amended Complaint for Violations

of Constitutional Rights and Tort Claims under 42 U.S.C. § 1983 (Doc. 8; First Amended Complaint), filed January 21, 2025. In the First Order to Replead, the Magistrate Judge did not use the term "shotgun pleading" nor cite to any authority relating to shotgun pleadings. See generally First Order to Replead. Nevertheless, the Magistrate Judge did direct Butler to "clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible." See First Order to Replead at 6. This directive was sufficiently clear to put Butler on notice that he must draft a pleading that puts the defendants on notice of the claims he wishes to pursue as required by the shotgun pleading caselaw. Despite this, when Butler failed to do so, the Magistrate Judge gave him another opportunity to cure his deficient pleading with a more detailed discussion of the applicable authority. See generally Second Order to Replead. Indeed, in the Second Order to Replead, the Magistrate Judge explained the law on shotgun pleadings to Butler in some detail. See Second Order to Replead at 5–6. Even with this additional guidance, in the Second Amended Complaint, which is Butler's third attempt to draft a proper complaint, he still fails to identify which facts purportedly support each cause of action and which defendants he seeks to hold responsible for which allegedly wrongful acts. Notably, Butler's Second Amended Complaint is not an improvement over his first two pleading

attempts, and the Court concludes that granting leave for further amendment would be futile.[5] On this record, the Court is convinced that Butler is either unable or unwilling to comply with the Court's directives and the requirements of the Rules and that nothing less than dismissal is appropriate. See Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020).[6] "Even pro se

---

[5] In the First Order to Replead, in addition to directing Butler to explain the factual basis of his claims and how each Defendant is responsible, the Magistrate Judge also directed Butler to state whether a final judgment was entered in the state proceedings and admonished Butler that Judge Brigham and Prosecutors Gladson and White were likely immune from his claimed damages. See First Order to Replead at 4–5. In his First Amended Complaint, Butler did clarify that the charges against him were dismissed, see First Amended Complaint ¶ 29, but he continued to raise claims against Judge Brigham and Prosecutors White and Gladson and did not allege any facts to undermine the conclusion that those claims are barred by immunity. See generally id. For this reason, in the Second Order to Replead, the Magistrate Judge stated, "[i]f [Butler] chooses to file a second amended complaint, he should not include these same claims against the immune parties." See Second Order to Replead at 7. Yet in Butler's Second Amended Complaint, not only does he include the same claims with no materially new factual allegations, he also appears to include claims against another party likely immune from damages, "Judge John/Jane Doe, the unidentified first appearance judge who found probable cause on an incorrect statute and set bond … ." See Second Amended Complaint at 2.

In both orders to replead, the Magistrate Judge also notified Butler that the Marion County Sheriff's Office is not a legal entity subject to suit. See First Order to Replead at 5–6; Second Order to Replead at 8. Again, Butler made apparently no effort to address this issue and continued to include the Marion County Sheriff's Office as a party without providing any basis for a suit against it. See generally First Amended Complaint; Second Amended Complaint. Finally, in the Second Order to Replead, the Magistrate Judge notified Butler that his Fourth Amendment claim based on an alleged license plate "search" would likely be subject to dismissal for failure to state a claim. See Second Order to Replead at 8. Butler ignored this warning too. See Second Amended Complaint at 3. Although the Court need not discuss the merits of these various deficiencies, the Court describes them to demonstrate that Butler almost completely failed to address any issue the Magistrate Judge identified in the two orders to replead. This failure underscores the futility of permitting further leave to amend.

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

plaintiffs must comply with pleading rules or face judgment day," Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020), and for Butler, that day has come. Despite the Court's guidance on the problems with his pleadings and two opportunities to fix those deficiencies, the Second Amended Complaint remains a shotgun pleading. Accordingly, the Court adopts the Report as to Section III.A. to the extent that Butler's federal claims are due to be dismissed with prejudice.[7]

### B. Jurisdiction Over State Law Claims

Having determined that Butler's federal claims are due to be dismissed, the Court considers whether to continue to exercise supplemental jurisdiction over the remaining state law claims. See Second Amended Complaint at 4 (listing various state law claims for relief in Counts V–VIII).[8] Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original

---

[7] Because Butler purports to bring claims pursuant to 42 U.S.C. § 1983, the Court is satisfied that 28 U.S.C. § 1331 authorizes the Court to exercise jurisdiction over this action and dismiss it based on the pleading deficiencies discussed in this Order.

[8] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Because Butler and Defendants all appear to be citizens of Florida, see Second Amended Complaint at 2, the exercise of diversity jurisdiction over these claims would be improper. See 28 U.S.C. § 1332(a).

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy … ." 28 U.S.C. § 1367(a). "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006). However, upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994). And, in the context of dismissals on shotgun pleading grounds, the Eleventh Circuit has stated that state law claims within the Court's supplemental jurisdiction

-11-

should typically be dismissed without prejudice to refiling in state court. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296–97 (11th Cir. 2018). Upon due consideration, the Court finds that judicial economy and convenience would not be served by retaining jurisdiction over Butler's state law claims. Thus, the Court declines to exercise its supplemental jurisdiction over Butler's state law claims and will dismiss those claims without prejudice to refiling in the appropriate state court.

### III.   Conclusion

The Court adopts the Report as to Section I, Section II, and Section III.A., finding that Butler's federal claims are due to be dismissed with prejudice because despite two opportunities to amend, Butler's Second Amended Complaint remains an impermissible shotgun pleading. The Court concludes that permitting further amendments would be futile. The Court declines to exercise supplemental jurisdiction over Butler's state law claims and these claims are due to be dismissed without prejudice to refiling in an appropriate state court.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff, Steven Butler's Objections to Report and Recommendation (Doc. 13) are **OVERRULED**.

2. The Court **ADOPTS** the Report and Recommendation (Doc. 12) as to Section I, Section II, and Section III.A.

3. Butler's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **DENIED**.

4. The federal claims Butler brings in his Second Amended Complaint (Doc. 11) are **DISMISSED WITH PREJUDICE**.

5. The state claims in Butler's Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

6. The Clerk of the Court is directed to enter **JUDGMENT** in conformity with this Order and close the file.

**DONE AND ORDERED** in Chambers this 6th day of November, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party